CHARLES H. BROWN, v. T. F. DAVIDSON, J. N.
　　SHAFER, JAMES NOTT JR., E. R. BATH, H. GHER-
　　ING, W. W. CROSS, A. PILAS, E. W. QUINN, W.
　　W. GRAHAM, JOHN NOTT, W. J. ENGLAND, E.
　　PAXTON, O. SELLERS, PATRICK O'DONNELL,
　　FREDERICK HOLLAND, FRANK RICKENBERG,
　　A. KISTER, JOHN MOORE, E. GOULD, THOMAS
　　CALLIHAN, JOHN DOE SULLIVAN, et al.

DATED:    OCTOBER 30, 1901.

1    A contract, combination or conspiracy in restraint of trade under the Act of Congress of July 2nd, 1890, is one wherein two or more parties agree, either in writing or verbally, either as individuals or as members of an association, not to sell to or purchase of, or employ or accept employment from, any person not a member of such association, combination or conspiracy, or a party to such contract, with the intent to exclude and prevent from purchasing from, selling to, making contracts for work with, or hiring as workers, any and all persons not a member of such association, combination or conspiracy, or a party to such contract.

2.   The fundamental principle of the law of damages is that the person injured in his personal or property rights shall receive compensation therefor.

3.   Elements of damage:    Actual losses which can be specifically stated and proven, such as loss of profits from inability to accept contracts; actual losses which can be specifically stated and proven from increased expenditures incurred in filling contracts already taken; loss and injury to an established business.

4.   Damages must be reasonable and ascertainable from the facts presented in evidence.

5.   Burden of proof on plaintiff to show actual damage to business.

6.   Damages must be specifically stated and must be the direct, proximate and natural consequence of the contract, combination or conspiracy complained of.

LAW.   ACTION TO RECOVER DAMAGES UNDER SECTIONS 3 AND 7 OF "AN ACT TO PROTECT TRADE AND COMMERCE AGAINST UNLAWFUL RESTRAINTS AND MONOPOLIES", DATED JULY 2, 1890.

*Thomas Fitch*, for plaintiff.
*Magoon & Thompson* and *C. C. Bitting*, for defendants.

#### CHARGE TO THE JURY.

ESTEE, J.   Gentlemen of the Jury:   This is an action at law brought by the plaintiff to recover damages which he alleges, he has sustained through injury to his business as a master plumber, having his shop and store in the city of Honolulu in the Territory of Hawaii, by reason of the defendants entering into an agreement in writing, which as plaintiff alleges,

comes within the prohibition provisions of the Act of Congress of July 2, 1890, entitled "An Act to protect trade and commerce against unlawful restraints and monopolies," being Chapter 647 of Volume One of the Supplement to the Revised Statutes of the United States.

The especial provisions of said Act which plaintiff bases his action upon, are the two following Sections, to wit:

Section 3, which reads in part as follows:

"Every contract, combination in form of trust or otherwise, or conspiracy in restraint of trade or commerce in any territory of the United States...........is hereby declared illegal."

"Every person who shall make any such contract or engage in any such combination or conspiracy shall be deemed guilty of a misdemeanor.........." .

And Section 7 of said Act, which reads as follows:

"Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this Act, may sue therefor in any Circuit Court of the United States in the district in which the defendant resides or is found, without respect to the amount in controversy, and shall recover three fold the damages by him sustained, and the costs of suit including a reasonable attorney's fee."

Under the prohibition of these two Sections, the plaintiff charges the defendants (certain of whom belonged to an asso- ciation known as the Master Plumbers' Association, and certain others to an association known as the Journeyman Plumbers' Union) with violating Section 3 of the Act above quoted, by entering into an agreement in writing, by which certain of the defendants composing the aforesaid Master Plumbers' Association, both individually and as members thereof, agreed and promised not to hire or employ as journeyman plumbers any person or persons except certain other of the defendants both individually and as members of the Journeyman Plumbers'

Union aforesaid; and it is charged that the said defendants, members of the said Journeyman Plumbers' Union, agreed and promised not to work for any person or firm except the defendants belonging to the Master Plumbers' Association.

It is further charged that by reason of the alleged contract and the acts of the defendants thereunder, plaintiff has been injured in his business and that special damages have been inflicted upon him by reason of the existence of said contract, in that he is unable to obtain any of the defendants who are journeyman plumbers to work for him and is thereby unable to sell plumbers goods or supplies or to take contracts or execute work.

A contract, combination or conspiracy in restraint of trade under the Act of Congress of July 2, 1890, is one wherein two or more parties agree either in writing or verbally, either as individuals or as members of an association, not to sell to or purchase of or employ or accept employment from, any person not a member of such association, combination or conspiracy, or a party to such contract, with the intent to exclude and prevent from purchasing from, selling to or making contracts for work with, or working for or hiring as workers, any and all persons not a member or members of such association, combination or conspiracy, or a party to such contract.

Gentlemen of the jury, you are to be the judges from the whole of the testimony introduced, as to whether a combination or conspiracy in restraint of trade exists or did exist in this case.

The Court instructs you that if you believe from the evidence that there was an agreement as claimed by plaintiff, binding the members of the Master Plumbers' Association not to give employment to any plumber not a member of the Journeyman Plumbers' Union, and binding the members of the Journeyman Plumbers' Union not to accept employment from any one not a member of the Master Plumbers' Association, and if you be-

lieve from the evidence that said agreement, if any there was, was in writing and was destroyed by the defendants or any one of them, then I instruct you that it is presumed the said contract or agreement in writing, if produced, would have been against the defendants, for the presumption is that when a party wilfully and knowingly destroys a written contract he does so because he deems it to his interest to get rid of it.

Gentlemen of the jury, if you believe from the evidence that the defendants or any two or more of them agreed either in writing or verbally, to and with each other, or with any person or persons whatsoever, either individually or as directors, trustees, representatives or members respectively, of the Master Plumbers' Association, or of the Journeyman Plumbers' Union, or both, that they, who were master plumbers, would not employ any person as a journeyman plumber who was not a member of the Journeyman Plumbers' Union, and that they who were journeyman plumbers would not accept employment from any person who was not a member of the Master Plumbers' Association,—and if you believe from the evidence that prior to defendants or two or more of them entering into such an agreement, the plaintiff, Charles H. Brown, was engaged in business as a master plumber in the city of Honolulu, and further believe from the evidence that one of the objects of such an agreement between defendants or any two or more of them with each other or with any person whatever was to prevent the plaintiff, Charles H. Brown, from obtaining plumbers to work for him, and to prevent him from making or carrying out contracts for plumbing work, and to drive him out of business as a master plumber,—then you are instructed that such an agreement for such a purpose (if you believe from the evidence that such an agreement for such a purpose was made) was a contract, combination or conspiracy in restraint of trade, in violation of the Act of Congress of July 2, 1890, entitled "An Act to

protect trade and commerce against unlawful restraints and monopolies."

Gentlemen, I instruct you that the fundamental principle of the law of damages is that the person injured in his person or property rights shall receive compensation therefor. Whether in contract or tort, the true primary consideration is the same —compensation for damages suffered.

I instruct you that in estimating damages, if you believe from the evidence that damages were sustained by the plaintiff, and that such damages would not have been sustained except for the contract, combination or conspiracy of defendants referred to, you have a right to take into consideration,—

1st. Actual losses which can be specifically stated and proven; such as loss of profits from inability to accept offered contracts, from the taking and fulfillment of which specific profits would have been derived; 2nd. Actual losses which can be specifically stated and proven from increased expenditures incurred in fulfilling contracts already taken; and 3rd. Loss and injury to an established business.

Gentlemen, you are not limited as to the amount of damages, should you find from all the testimony that plaintiff has been damaged; that is to say, you are the sole judges of whether plaintiff has been damaged, and if so, in how much. But this must be controlled by the testimony. You have no right in fixing the damages to go into the field of conjecture and guess at the amount of injury he has suffered, if any.

If you find from the evidence that the plaintiff has been injured in his business by reason of an unlawful agreement made between the defendants, you will find for the plaintiff, and in such sum as shall represent the actual damages sustained by him.

It is for the Court in entering judgment upon the verdict (in the event that you shall find a verdict in favor of the plain-

tiff) to treble the amount of damages as provided by the statute. The trebling of the damages you have nothing to do with.

The sole question as to damage in the case must relate to the injury which the plaintiff may have sustained by reason of the unlawful agreement or combination in question, if you should find that there was such an unlawful agreement and combination.

I instruct you further, that the burden of proof is on plaintiff to show some real and actual damage by reason of the entering into by the defendants or any two or more of them of the said agreement or combination. There is no duty imposed by the law upon defendants to show that their acts have not worked an injury to the business of the plaintiff. On the other hand, the duty and burden of proving damage to his business is imposed by law upon the plaintiff; and unless he proves damage to his business by a preponderance of the evidence, the verdict must be for the defendants.

I instruct you that mere speculation as to the possible profits of a business in the absence of evidence directed to the existing conditions, cannot be indulged in by you for the purpose of finding a verdict in damages. The damages which the law contemplates and which the Act of Congress provides for, must be reasonable damages ascertainable from the evidence presented for your consideration.

There must be actual evidence of facts of some material character relating to the business of the plaintiff from which you can ascertain with reasonable certainty, that damage has actually been suffered to such business before any verdict in damages can be returned.

The plaintiff in actions of this kind is not permitted to claim damage to his business by reason of a combination or contract contrary to the statute, where it was within his power in exercising a reasonable diligence to avert such damage and to avoid any injury to his business; that is to say, a party claiming

damages is bound in the exercise of reasonable diligence to protect himself against any consequences flowing from the act of another which can fairly be avoided.

In estimating damages, you are instructed further, that no damages can be given which cannot be stated specifically and which is not the direct, proximate and natural consequence of the contract, combination or conspiracy complained of. If the jury believe from the evidence that the defendants or any two or more of them entered into a contract or conspiracy in restraint of trade in violation of the Act of Congress of July 2, 1890, with each other or with any person whatever, and further believe from the evidence that as a direct, proximate and natural consequence of such contract, combination or conspiracy, the plaintiff was actually injured in his business and suffered damages which can be stated specifically, then in estimating such injury, you have the right to take into consideration the pecuniary advantages which you believe from the evidence the plaintiff would have realized but for the contract combination or conspiracy complained of. If you believe from the evidence that such contract, combination or conspiracy (if you should find that the defendants or either of them entered into such) frustrated a business scheme or schemes of plaintiff, and that by such contract, combination or conspiracy he was prevented from realizing pecuniary advantages, that would have resulted to him if it had not been for such contract, combination or conspiracy, then the jury will find for the plaintiff and against such defendant or defendants (if any) as participated in such contract, combination or conspiracy.

You are further instructed that labor has the same right to organize in its own interests as has capital, but that no body of men representing capital or labor, or whatever their calling, has the right to so organize as to injure other men in their legal calling. Restraints of trade are illegal under the Act of Congress of July 2, 1890. I further instruct you, that you are to

be the sole judges of the facts. The law you will take from the Court. If during the trial, the Court has in any manner or at any time, by any form of expression, appeared to convey to your minds the idea that he favored either side in this action, such expression was not so intended and you should not so consider it, but eliminate the same from your minds entirely. You should go to your jury room absolutely free and unbiased, paying attention only to the testimony, the arguments of counsel and the instructions of the Court.

It requires the unanimous action of all your number to find a verdict, and in reaching a verdict you are to be controlled by the weight of the evidence brought to your attention. You are the sole judges of the truthfulness of witnesses and in that connection, I instruct you that you are to be guided by a preponderance of the evidence as to any given fact to be considered by you. That is, if there should be testimony for plaintiff's contention and also for defendants' contention, you are to weigh the same on both sides and give your verdict for what you may believe to be, under your oaths, the strongest and most truthful side of the case. In reaching a conclusion you are not to be controlled by the number of witnesses testifying for either party in the case, but rather from a fair consideration of all the testimony given and the probability of its disinterested truthfulness.